JASON M. SHERMAN, ESQ. (SBN 245190)
jason@jsl-law.com
KRISTEN M. CAPRINO, ESQ. (SBN 306815)
kristen@jsl-law.com
JOHNSON SCHACHTER & LEWIS
A Professional Law Corporation
Harvard Square
2180 Harvard Street, Suite 560
Sacramento, CA 95815
Telephone: (916) 921-5800
Facsimile: (916) 921-0247

Attorneys for DEFENDANT:
VACAVILLE UNIFIED SCHOOL DISTRICT

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| I.V., a minor by and through her *Guardian ad Litem* RON V.., <br><br> Plaintiff, <br><br> v. <br><br> VACAVILLE UNIFIED SCHOOL DISTRICT, a public entity; JANE SHAMIEH, an individual; KIM KLOPSON, an individual, and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO. 2:19-cv-000273-KJM-DB <br><br> **DEFENDANT VACAVILLE UNIFIED SCHOOL DISTRICT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> Complaint Filed: February 13, 2019 <br> Trial Date: None Set |

Defendant VACAVILLE UNIFIED SCHOOL DISTRICT[1] (hereinafter "Defendant" or "VUSD") answers Plaintiff's unverified First Amended Complaint as follows:

Defendant generally denies each and every, all and singular, conjunctively and disjunctively, the allegations contained in each and every cause of action of Plaintiff's First Amended Complaint on file herein, and further denies generally and specifically that Plaintiff

---

[1] While Superintendent Shamieh was originally named as a Defendant in this action, the Court granted her Motion to Dismiss which dismissed her from all causes of action in which she was named. Plaintiff was given leave to amend but failed to do so, therefore Superintendent Shamieh is no longer a Defendant in this action.

1

sustained any injury, damage or loss by reason of any act, omission or negligence on the part of Defendant, and further denies that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

## THE PARTIES

1. Defendant admits Plaintiff was a minor at the commencement of this action and further admits an Application and Order for Appointment of *Guardian Ad Litem* requesting that RON V. Plaintiff's father, be appointed as Plaintiff's *Guardian ad Litem* was filed in the United States District Court for the Eastern District. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in ¶1, and on that basis, denies those allegations.

2. Defendant admits Plaintiff was a special education student at Browns Valley Elementary School, a school within the Vacaville Unified School District, and that Plaintiff rode a District bus, but Defendant is without sufficient knowledge or information to admit or deny that Plaintiff rode a District bus "to and from school each day," and on that basis, denies that allegation. The remaining allegations in ¶2 are legal conclusions, legal contentions, and/or arguments to which no response is required.

3. Defendant admits it is a public entity within the meaning of California Government Code sections 811.2, 900 et seq., is duly incorporated and operating under California law as a school district, and that it receives funding from the federal government. Defendant is without sufficient knowledge to admit or deny the procedure for apportionment of funds by the state of California, and on that basis, denies that allegation. The remaining allegations in ¶3 are legal conclusions, legal contentions, and/or arguments to which no response is required.

4. Defendant admits it controlled, directed, managed, operated and/or owned Browns Valley. Defendant further admits Plaintiff's Individual Education Plan ("IEP") specified that she was entitled to home-to-school transportation and that Board Policy 3541.2(a) discusses transportation for students with disabilities as specified in their IEP plans. Defendant further admits it controlled, directed, managed, operated and/or owned the buses used in the home-to-

school transportation of students. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in ¶4, and on that basis, denies those allegations.

5. Defendant denies that Defendant Kim Klopson ("Klopson") was a bus driver employed by Defendant "[a]t all relevant times" but admits that Klopson is a former bus driver for the District. Defendant is without sufficient knowledge or information to admit or deny the allegation that Klopson was "specifically charged with the transport of special education students," and on that basis, denies that allegations. The remaining allegations in ¶5 are legal conclusions, legal contentions, and/or arguments to which no response is required.

6. Defendant admits Jane Shamieh ("Superintendent Shamieh") is and was the Superintendent of Schools for Defendant, and that Defendant is located in Vacaville, in the County of Contra Costa, State of California. The remaining allegations in ¶6 are legal conclusions, legal contentions, and/or arguments to which no response is required. To the extent they are not, Defendant denies the remaining allegations.

7. The allegations in ¶7 are legal conclusions, legal contentions, and/or arguments to which no response is required.

8. The allegations in ¶8 are legal conclusions, legal contentions, and/or arguments to which no response is required.

9. The allegations in ¶9 are legal conclusions, legal contentions, and/or arguments to which no response is required.

10. The allegations in ¶10 are legal conclusions, legal contentions, and/or arguments to which no response is required.

**JURISDICTION AND VENUE**

11. The allegations in ¶11 are legal conclusions, legal contentions, and/or arguments to which no response is required.

12. The allegations in ¶12 are legal conclusions, legal contentions, and/or arguments to which no response is required.

13. The allegations in ¶13 are legal conclusions, legal contentions, and/or arguments to which no response is required.

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

## ADMINISTRATIVE REQUIREMENTS OF THE GOVERNMENT CLAIMS ACT

14. Defendant admits a claim was presented to Defendant on behalf of Plaintiff on or about August 2, 2018, but Defendant is without sufficient knowledge or information to admit or deny the allegation that Plaintiff's claim was "for the injuries, losses, and damages they [sic] suffered because of the occurrences described herein," and on that basis, denies that allegation. The remaining allegations in ¶14 are legal conclusions, legal contentions, and/or arguments to which no response is required.

15. Defendant admits it did not serve a Notice of Rejection to Plaintiff's claim. The remaining allegations of ¶15 are legal conclusions, legal contentions, and/or arguments to which no response is required.

## FACTS ALLEGED

16. Defendant admits Plaintiff has Autism Spectrum Disorder and was eligible for special education services through VUSD's Special Education Program and home-to-school transportation services provided by the District. The remaining allegations of ¶16 are legal conclusions, legal contentions, and/or arguments to which no response is required.

17. Defendant admits that its website describes autism as, in part, "[a] developmental disability significantly affective verbal and nonverbal communication and social interaction, generally evident before age three that adversely affects a child's educational performance. Other characteristics often associated with autism are engagement in repetitive activities and stereotyped movements, resistance to environmental change or change in daily routines, and unusual response to sensory experiences." Defendant is without sufficient knowledge or information to admit or deny the remainder of the allegations in ¶17, and on that basis, denies those allegations.

18. Defendant admits Plaintiff was transported to and from school on a special education bus operated by the District but is without sufficient knowledge or information to admit or deny the allegation that she was transported "each day," and on that basis, denies that allegation. The allegation regarding providing adequate care and supervision to Plaintiff is a legal conclusion, legal contention, and/or argument to which no response is required. Defendant

is without sufficient knowledge or information to admit or deny the remaining allegations in ¶18, and on that basis, denies those allegations.

19. Defendant admits that on February 6, 2018, Plaintiff was picked up from her home in the morning by a VUSD school bus driven by Defendant Klopson. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶19, and on that basis, denies those allegations.

20. Defendant admits that the VUSD school bus that transported Plaintiff on February 6, 2018 was equipped with a video camera, which recorded Plaintiff on the school bus. The allegation that Plaintiff was "abused" is a legal conclusion, legal contention, and/or argument to which no response is required.

21. Defendant admits that while Plaintiff was on the bus on February 6, 2018, Klopson told Plaintiff "do not kick the seat." Defendant further admits Klopson told Plaintiff "your bad behavior is not acceptable." Defendant further admits at approximately 8:04 a.m. on February 6, 2018, Klopson stopped the bus to pick up another student. Defendant is without sufficient knowledge or information to admit or deny the remainder of the allegations in ¶21, and on that basis, denies those allegations.

22. Defendant admits Klopson told Plaintiff that if she did not "get out of the aisle" she would be moved "to the window" seat next to her. Defendant is without sufficient knowledge or information to admit or deny the remainder of the allegations in ¶22, and on that basis, denies those allegations.

23. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶23, and on that basis, denies those allegations.

24. Defendant admits that on February 6, 2018, Plaintiff's bus arrived at Browns Valley Elementary School at approximately 8:10 a.m. and other students exited the bus. Defendant further admits that while other students exited the bus, Plaintiff stood up and Klopson told Plaintiff to sit down. Defendant further admits Klopson engaged in "knock-knock jokes" with unknown individuals. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in ¶24, and on that basis, denies those allegations.

25. Defendant admits that on February 6, 2018 at approximately 8:12 a.m., Klopson told Plaintiff "if I tell you to sit, I need you to sit" and "so you will be the last one off and today on the ride home you're going to be in the back of the bus." Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in ¶25, and on that basis, denies those allegations.

26. Defendant admits that on February 6, 2018, at or around 8:16 a.m., Plaintiff's para-educator Sharon McCarter ("Ms. McCarter") arrived at the bus. Defendant further admits Klopson told Ms. McCarter, "we've been having a little battle of the wills so I'm sorry…" Defendant further admits Klopson told Plaintiff "Okay Izzy it is your turn. You can come get your backpack." Defendant further admits Plaintiff remained in her seat when Klopson told her she could come get her backpack. Defendant further admits Plaintiff made a sound when Klopson invited her to retrieve her backpack. Defendant further admits Klopson told Ms. McCarter "maybe she'll just have to go into the Principal's office if she's just so bad today." Defendant further admits Ms. McCarter offered to help while standing outside the bus. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in ¶26, and on that basis, denies those allegations.

27. Defendant admits Klopson again told Plaintiff "time to go." Defendant admits Klopson told Plaintiff "you can get away with this at home but not on my bus." Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in ¶27, and on that basis, denies those allegations.

28. Defendant admits that around 8:18 a.m., Klopson lifted Plaintiff from her seat and dropped her onto the aisle of the bus, then pulled Plaintiff up by her jacket. Defendant further admits Plaintiff said "please stop it" and that Klopson said "I'm not going to stop it unless you stand up." Defendant further admits Klopson said "get up" Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in ¶28, and on that basis, denies those allegations.

29. Defendant admits that around 8:20 a.m., Klopson closed the door to the bus. Defendant further admits Klopson told Plaintiff "you done," "nana nana nana nana na," and

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

"nope." Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in ¶29, and on that basis, denies those allegations.

30. Defendant admits that when Klopson opened the door to the bus, she said "It's ok, I didn't hurt her guys." Defendant further admits Klopson spoke with Ms. McCarter after. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in ¶30, and on that basis, denies those allegations.

31. Defendant admits that at approximately 8:26 a.m., Klopson drove away in the bus. Defendant further admits that Klopson said "I'll see you after school which should be interesting." Defendant further admits Klopson spoke with Ms. McCarter about students following instructions. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in ¶31, and on that basis, denies those allegations.

32. Defendant admits that on the morning of February 6, 2018, Ms. McCarter was, at some point, at or near Plaintiff's school bus. Defendant further admits that the "incident" between Klopson and Plaintiff took place before the start of the school day. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in ¶32, and on that basis, denies those allegations.

33. Defendant admits Ms. McCarter witnessed a portion of the incident between Plaintiff and Klopson. Defendant denies that Ms. McCarter made no attempt to get on the bus, district Klopson, call for help, or otherwise defuse the situation. Defendant denies that Ms. McCarter "simply walked away from the bus and waited patiently for the abuse to stop." Defendant denies that "Ms. McCarter allowed Plaintiff to lay helplessly at her feet while she engaged in conversation with Klopson […]." Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in ¶33, and on that basis, denies those allegations.

34. Defendant admits that at approximately 8:28 a.m. on February 6, 2018, Klopson and Ms. McCarter stopped talking. Defendant denies the remaining allegations in ¶34.

35. Defendant admits that on the morning of February 6, 2018, Ms. McCarter reported the "incident" between Klopson and Plaintiff to Browns Valley Principal Lynn

Benevides ("Ms. Benevides") and that an investigation was launched. Defendant further admits that employees of Defendant viewed the video footage from the bus. Defendant denies all remaining allegations of ¶35.

36. Defendant denies all allegations of ¶36.

37. Defendant admits the allegations of ¶37.

38. Defendant admits the allegations of ¶38.

39. Defendant admits that in or about February 2018, Superintendent Shamieh stated to the press, "[t]here are no words to express why anyone would mistreat a child in that way" and "[n]o child should ever have to experience something like that, especially at school." Defendant denies all remaining allegations of ¶39.

40. Defendant admits the allegations of ¶40.

41. Defendant denies all allegations of ¶41.

### FIRST CAUSE OF ACTION
**Violation of Constitutional Rights, 42 U.S.C. § 1983**
**(Against All Defendants and DOES 1 through 50)**

42. Defendant hereby incorporates its responses to ¶¶1-41 as though fully set forth herein.

43.-59. Pursuant to the Court's February 19, 2020 ruling on Defendant's Motion to Dismiss and Plaintiff's subsequent failure to amend the First Amended Complaint, this cause of action has been dismissed as to Defendant District and Jane Shamieh; as such, Defendant neither admits nor denies the allegations of ¶¶43-59.

### SECOND CAUSE OF ACTION
**Discrimination in Violation of the Americans with Disabilities**
**Act, U.S.C. section 12131, et seq.**
**(Against Defendant VUSD and DOES 1 through 25)**

60. Defendant hereby incorporates its responses to ¶¶1-59 as though fully set forth herein.

61.-64. The allegations in ¶¶61-64 are legal conclusions, legal contentions, and/or arguments to which no response is required.

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

65. The allegations in ¶65 are legal conclusions, legal contentions, and/or arguments to which no response is required. To the extent that any of the allegations in ¶65 require a response, Defendant admits Plaintiff has a disability and further admits VUSD is a public entity within the meaning of Title II of the ADA.

66.-68. The allegations in ¶¶66-68 are legal conclusions, legal contentions, and/or arguments to which no response is required. To the extent that any of the allegations in ¶¶66-68 require a response, Defendant denies all allegations.

69. The allegations in ¶69 are legal conclusions, legal contentions, and/or arguments to which no response is required. To the extent that any of the allegations in ¶69 require a response, Defendant lacks sufficient knowledge to admit or deny the allegations.

70.-74. The allegations in ¶¶70-74 are legal conclusions, legal contentions, and/or arguments to which no response is required. To the extent that any of the allegations in ¶¶70-74 require a response, Defendant denies all allegations.

**THIRD CAUSE OF ACTION**
**Discrimination in Violation of the Rehabilitation Act of 1973,**
**29 U.S.C. section 794**
**(Against Defendant VUSD and DOES 1 through 25)**

75. Defendant hereby incorporates its responses to ¶¶1-74 as though fully set forth herein.

76. The allegations in ¶76 are legal conclusions, legal contentions, and/or arguments to which no response is required.

77. The allegations in ¶77 are legal conclusions, legal contentions, and/or arguments to which no response is required. To the extent a response is required, Defendant admits it is a recipient of Federal financial assistance. As Plaintiff does not define "the specific public facilities described herein and the activities that take place therein," Defendant denies the remainder of the allegations of ¶77.

78. The allegations in ¶78 are legal conclusions, legal contentions, and/or arguments to which no response is required. To the extent a response is required, Defendant denies these allegations.

79.     The allegations in ¶79 are legal conclusions, legal contentions, and/or arguments to which no response is required. To the extent a response is required, Defendant denies these allegations.

80.-84. The allegations in ¶¶80-84 are legal conclusions, legal contentions, and/or arguments to which no response is required. To the extent a response is required, Defendant denies these allegations.

## FOURTH CAUSE OF ACTION
### Negligence
**(Against All Defendants and DOES 1 through 50)**

85.     Defendant hereby incorporates its responses to ¶¶1-84 as though fully set forth herein.

86.-98. The allegations in ¶¶86-98 are legal conclusions, legal contentions, and/or arguments to which no response is required. To the extent a response is required, Defendant denies these allegations.

## FIFTH CAUSE OF ACTION
### Negligent Hiring, Supervision, or Retention of Employee
**(Against Defendant VUSD)**

99.     Defendant hereby incorporates its responses to ¶¶1-98 as though fully set forth herein.

100.-107. The allegations in ¶¶100-107 are legal conclusions, legal contentions, and/or arguments to which no response is required. To the extent a response is required, Defendant denies these allegations.

## SIXTH CAUSE OF ACTION
### Assault
**(Against Defendant KLOPSON)**

108.     Defendant hereby incorporates its responses to ¶¶1-107 as though fully set forth herein.

109.-116. Inasmuch as this cause of action is not asserted against Defendant, Defendant

neither admits nor denies the allegations of ¶¶109-116.

## SEVENTH CAUSE OF ACTION
### Battery
### (Against Defendant KLOPSON)

117. Defendant hereby incorporates its responses to ¶¶1-116 as though fully set forth herein.

118.-125. Inasmuch as this cause of action is not asserted against Defendant, Defendant neither admits nor denies the allegations of ¶¶118-125.

## EIGHTH CAUSE OF ACTION
### False Imprisonment
### (Against Defendant KLOPSON)

126. Defendant hereby incorporates its responses to ¶¶1-125 as though fully set forth herein.

127.-134. Inasmuch as this cause of action is not asserted against Defendant, Defendant neither admits nor denies the allegations of ¶¶127-134.

## NINTH CAUSE OF ACTION
### Discrimination in Violation of the Unruh Civil Rights Act, Civil Code section 51
### (Against Defendant VUSD and DOES 1 through 25)

135. Defendant hereby incorporates its responses to ¶¶1-134 as though fully set forth herein.

136.-149. The allegations in ¶¶136-149 are legal conclusions, legal contentions, and/or arguments to which no response is required. To the extent a response is required, Defendant denies these allegations.

## TENTH CAUSE OF ACTION
### Discrimination in Violation of Bane Act, Civil Code section 52.1
### (Against Defendants VUSD and KLOPSON)

150. Defendant hereby incorporates its responses to ¶¶1-149 as though fully set forth herein.

151.-160. The allegations in ¶¶151-160 are legal conclusions, legal contentions, and/or arguments to which no response is required. To the extent a response is required, Defendant denies these allegations.

## ELEVENTH CAUSE OF ACTION
**Discrimination in Violation of California Education Code section 200 et seq.**
**(Against VUSD and DOES 1 through 25)**

161. Defendant hereby incorporates its responses to ¶¶1-160 as though fully set forth herein.

162.-167. Pursuant to the Court's February 19, 2020 ruling on Defendant's Motion to Dismiss and Plaintiff's subsequent failure to amend the First Amended Complaint, this cause of action has been dismissed; as such, Defendant neither admits nor denies the allegations of ¶¶162-167.

## TWELFTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**
**(Against Defendant KLOPSON)**

168. Defendant hereby incorporates its responses to ¶¶1-167 as though fully set forth herein.

169.-176. Inasmuch as this cause of action is not asserted against Defendant, Defendant neither admits nor denies the allegations of ¶¶169-176.

## THIRTEENTH CAUSE OF ACTION
**Negligent Infliction of Emotional Distress**
**(Against All Non-Public Entity Defendants and DOES 1 through 50)**

177. Defendant hereby incorporates its responses to ¶¶1-176 as though fully set forth herein.

178.-183. Plaintiff agreed to merge this claim with her Negligence claim, and neither claim has been stated against Defendant; therefore, inasmuch as this claim is not asserted against Defendant, Defendant neither admits nor denies the allegations of ¶¶178-183.

///

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

**AFFIRMATIVE DEFENSES**

1. AS AND FOR A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant alleges that the First Amended Complaint and each claim therein fails to state facts sufficient to constitute a claim for relief against Defendant.

2. AS AND FOR A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant alleges that Plaintiff failed to mitigate her alleged damages, if any, and is therefore barred from recovering damages that could have been prevented.

3. AS AND FOR A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant alleges that the applicable statutes of limitations have expired, barring Plaintiff's action.

4. AS AND FOR A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant alleges that any injury, damage or loss that may have been sustained by Plaintiff was proximately caused by the intervening acts and/or omissions of third persons and/or entities and/or other parties to this lawsuit and not by any act or omission of Defendant. Alternatively, any amount that Plaintiff might be entitled to recover against Defendant must be reduced by the amount of damages attributable to intervening acts and/or omissions of such third persons and/or entities and/or other parties to this lawsuit.

5. AS AND FOR A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant alleges that any injury, damage or loss that may have been sustained by Plaintiff was proximately caused by the acts and/or omissions of Plaintiff and not by any act or omission of Defendant. Alternatively, any amount that Plaintiff may be entitled to recover against Defendant must be reduced by the amount of damages attributable to Plaintiff's own acts and/or omissions.

6. AS AND FOR A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN Defendant alleges

that Plaintiff's First Amended Complaint, and each claim therein, is barred because Plaintiff has failed to comply with the statutory prerequisites to bringing this action.

7. AS AND FOR A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant alleges that Plaintiff's claims, and each of them, are barred due to Plaintiff's and/or her parents' misrepresentation(s) and/or failure to disclose material facts.

8. AS AND FOR A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant alleges that Defendant was exercising the discretion vested in Defendant or Defendant's employees, and Plaintiff is therefore precluded from recovering from Defendant whether or not such discretion was abused.

9. AS AND FOR A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant alleges that Plaintiff's claims are premised on requiring Defendants to violate the protected rights of others, including parties to this litigation.

10. AS AND FOR A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant alleges that at all times, Defendant acted in good faith.

11. AS AND FOR A FURTHER, SEPARATE AND DISTINCT, AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant alleges that the First Amended Complaint, and each separate claim therein, is barred by the doctrine of estoppel.

12. AS AND FOR A FURTHER, SEPARATE AND DISTINCT, AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant alleges that the First Amended Complaint, and each separate claim therein, is barred by the doctrine of unclean hands.

13. AS AND FOR A FURTHER, SEPARATE AND DISTINCT, AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant alleges

that Plaintiff failed to exhaust her administrative and judicial remedies.

14.     AS AND FOR A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant asserts all defenses available pursuant to Federal Rule of Civil Procedure, Rule 12(b)(2), (4), (5), and (6).

15.     AS AND FOR A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant claims all of the defenses and immunities provided by the United States Code Sections and the United States Constitution sued upon by Plaintiff and any code sections related thereto or cases thereunder.

16.     AS AND FOR A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant alleges that it is entitled to its attorneys' fees under and the federal statutes Plaintiff sue under because Plaintiff's action is frivolous, unreasonable and without foundation.

17.     AS AND FOR A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant alleges that it is immune from liability for any and all injuries or damages alleged in the First Amended Complaint and assert all defenses and rights granted to them by virtue of the provisions of Government Code Sections 810 through 996.6, inclusive, including, but not limited to, Sections 815, 815.2, 818, 818.8, 820, 820.2, 820.8, 821.6 and 822.2.

18.     AS AND FOR A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant alleges that Plaintiff's Complaint is fatally defective to the extent that it attempts to state claims and/or facts not fairly reflected in a timely filed government tort claim.

19.     AS AND FOR A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant asserts those defenses available pursuant to the provisions of the California Education Code.

///

20. AS AND FOR A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant asserts those defenses available pursuant to the provisions of the California Government Code.

21. AS AND FOR A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant claims a reduction in any judgment for medical-related expenses pursuant to California Government Code §985.

22. AS AND FOR A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant alleges that answering Defendant did not have notice of the alleged wrongful conduct described in Plaintiff's complaint.

23. AS AND FOR A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant alleges that it was not deliberately indifferent to any alleged act.

24. AS AND FOR A FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant alleges that because the First Amended Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if any and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, Defendant prays that Plaintiff take nothing by reason of her First Amended Complaint; that Defendant be awarded attorneys' fees and costs of suit incurred herein; and for such other and further relief as this Court may deem just and proper; furthermore, if damages are awarded, the Court apportion the damages, if any, pursuant to the doctrine of comparative fault and §1431 of the California Civil Code.

///

///

///

**REQUEST FOR JURY TRIAL**

Defendant hereby requests a jury trial as to all issues for which a jury trial may be had.

Dated:  March 27, 2020

JOHNSON SCHACHTER & LEWIS
A Professional Law Corporation


By: /s/ Jason M. Sherman
    JASON M. SHERMAN
    KRISTEN M. CAPRINO
Attorney for Defendant VACAVILLE UNIFIED SCHOOL DISTRICT

DEFENDANT VACAVILLE UNIFIED SCHOOL DISTRICT'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT